# EXHIBIT 26

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRANDON BARTHOLOMEW | * | CIVIL ACTION NO. "" |
| AND JARED JUNEAU | * | |
| | * | |
| VERSUS | * | |
| | * | |
| COREY MOFFET,  ROMA FOOD | * | |
| ENTERPRISES, INC., PERFORMANCE | * | |
| FOOD GROUP, INC., VISTAR | * | JURY TRIAL REQUESTED |
| CORPORATION AND ZURICH | * | |
| AMERICAN INSURANCE COMPANY | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

Defendants, Zurich American Ins. Co., Roma Food Enterprises, Inc., Performance Food Group, Inc., and Vistar Corporation (hereinafter collectively referred to as "Defendants") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this action to the United States District Court for the Eastern District of Louisiana. In support of this removal, Defendants respectfully assert the following:

1.

On December 30, 2010, plaintiffs filed their Petition for Damages entitled "*Brandon Bartholomew and Jared Juneau versus Corey Moffet, Performance Food Group D/B/A Pfg, Vistar Corporation, Roma Food Enterprises, Inc., and Zurich American Insurance Company*" bearing suit number 696-445 in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Copies of the entire state court record are attached *in globo* as Exhibit "A."

2.

Plaintiff served Zurich American Insurance Company and Roma Food Enterprises, Inc. through their registered agents on January 13, 2011 (See Exhibit "A"). Performance Food Group, Inc. and Vistar Corporation were served on January 14, 2011 through their registered agents. The instant notice of removal is being filed on February 11, 2011 and is therefore timely pursuant to 28 U.S.C. § 1446.

**PARTIES**

3.

The petition seeks recovery against defendants for damages arising from an alleged two vehicle collision occurring in Jefferson Parish on or about January 5, 2010.

4.

Upon information and belief, plaintiffs are persons of the full age of majority domiciled in Jefferson Parish, Louisiana. (See plaintiffs' Petition for Damages, attached as Exhibit "A").

5.

Roma Food Enterprises, Inc. is a New Jersey corporation with its principal place of business in Houston, Texas.

6.

Performance Food Group, Inc. and Vistar Corporation are Colorado corporations with their principal place of businesses in Colorado.

2

7.

Because plaintiffs and defendants are citizens of different states, complete diversity of citizenship exists and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

8.

Pursuant to the "rule of unanimity" established in *Getty Oil Corp. v. Insurance Co. of North America*, 841 F. 2d 1254, 1262-63 (5th Cir. 1998), all defendants served in this matter consent to removal of this action. Defendant, Corey Moffet, has not been served, making his consent unnecessary. In the event Mr. Moffet is served subsequent to removal, he is a Texas domiciliary whose involvement in this action would not defeat diversity jurisdiction.

## PLAINTIFFS' CLAIMS

9.

This is an action based upon personal injuries arising out of an automobile accident. Plaintiffs allege that they suffered and continue to suffer "serious injuries and property damage" resulting in injuries to their "necks, backs and shoulders…," allegedly entitling plaintiffs to "mental anguish, past, present and future; physical pain and suffering past, present and future; and…medical expenses, past, present and future." (See plaintiffs' Petition for Damages attached as Exhibit "A").

10.

Plaintiffs claim defendants are responsible for damages "in excess of FIFTY THOUSAND ($50,000) DOLLARS together with legal interest from the date of the

Case 2:14-cv-08123-JbbJADjcZDocument 10-28 1 Filed 01/29/15 1 Page 5 of 7 PageID:
274
Case 2:11-cv-00373-JCZ-ALC Document 1 Filed 02/11/11 Page 4 of 6

judicial demand and for all costs of these proceedings." (*See,* plaintiffs' Petition for Damages attached as Exhibit "A").

11.

On January 24, 2011, Defendants served plaintiffs with the attached Discovery requesting additional information concerning the value of their claims. On February 9, 2011, Defendants sent correspondence to plaintiffs' counsel inquiring about the status of his clients' discovery responses. To date, plaintiffs have not responded to Defendants discovery directed at the potential amount in controversy (*See*, discovery and correspondence, attached hereto *in globo* as Exhibit "B").

12.

La. C.C.P. art. 863(A)(1) mandates that plaintiffs specify whether the amount in controversy exceeds the jurisdictional minimum for diversity jurisdiction. Here, plaintiffs have made no such allegation in their Petition for Damages. The failure to allege this information, in effect, acts as a concession that the "requisite jurisdictional amount is in controversy" making it "facially apparent" from the Petition that the amount in controversy exceeds $75,000. *Raggio, Cappel, Chozen & Berniard v. The Hartford Steam Boiler Inspection & Insurance Company*, 2006 WL 4059093 at p.1 (W.D. La).

13.

With respect to the claims of plaintiff, Jared Juneau, defendants are in possession of medical records suggesting that he has been referred to an orthopaedic surgeon for possible surgical repair of his injured right shoulder. Damages for similar shoulder injuries could reasonably exceed $75,000. *See*, *Quinn v. Wal-Mart Stores, Inc.*, 34,280 (La. App. 2 Cir. 12/6/00), 774 So.2d 1093; *Ford v. State of Louisiana*, 99-1297 (La. App.

4

3 Cir. 4/12/00), 760 So.2d 478; *Corliss v. Baha Towers Ltd. Partnership*, 00-2011 (La. App. 4 Cir. 8/29/01), 799 So.2d 525; *Vega v. State Farm Mutual Automobile Ins. Co.*, 08-152 (La. App. 5 Cir. 10/28/08), 966 So. 2d 1164; *Burgess v. C.F. Bean Corp.*, 98-3072 (La. App. 8/18/99), 743 So.2d 251.

## JURISDICTION

14.

The above action is one over which this court has original jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, this case may be removed to the United States District Court for Eastern District of Louisiana.

15.

Filed herewith are copies of all process, pleadings and orders served upon defendants in the state court proceeding. (Attached *in globo* as Exhibit "A").

16.

Promptly after this Notice of Removal is filed, written notice therof will be given to all adverse parties and a copy of this Notice of Removal will be filed with the Clerk of the aforesaid State Court to effect the removal of this civil action to this Honorable Court as provided by law.

17.

Defendants pray for trial by jury.

**WHEREFORE**, defendants, Zurich American Ins. Co., Roma Food Enterprises, Inc., Performance Food Group, Inc., and Vistar Corporation, pray that this Notice of Removal be accepted as good and sufficient, that the aforesaid complaint be removed from State Court to this Honorable Court for trial and determination as provided by law,

Case 2:14-cv-08123-JbbsJAD-JCZ Document 10.28 t 1 Filed 01/29/15 1 Page 7 of 7 PageID:
Case 2:11-cv-00373-JCZ-ALC Document 1 Filed 02/11/11 Page 6 of 6
276

and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said civil action from said State Court, and thereupon proceed with this civil action as if it had originally been commenced in this Court.

Respectfully submitted,

/s  *JAMES C. RATHER, JR*
**JAMES C. RATHER, JR.  (25839)**
SUTTON & ALKER, LLC
4080 Lonesome Road, Suite A
Mandeville, LA  70448
Telephone: (985) 727-7501
Facsimile:  (985) 727-7505
Email:  jrather@sutton-alker.com
**ATTORNEYS FOR DEFENDANTS,
ZURICH AMERICAN INS. CO., ROMA
FOOD ENTERPRISES, INC.,
PERFORMANCE FOOD GROUP, INC.,
AND VISTAR CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by placing same in the United States Mail, properly addressed and postage prepaid, and electronically via the Court's CMF/ECF system this 11th day of February, 2011.

*/s JAMES C. RATHER, JR.*