NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BYATA WILDER, FRANK RIZZO, AND ELIO IPPOLITO, individually and on behalf of all other similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>ROMA FOOD ENTERPRISES, INC.; ROMA OF NEW JERSEY; PERFORMANCE TRANSPORTATION, LLC d/b/a PERFORMANCE FOOD GROUP; PERFORMANCE FOODSERVICE – AFI; VISTAR CORPORATION; JOHN DOES 1-10, fictitious names for persons or entities whose present roles and identities are unknown; and ABD BUSINESS ENTITITES 1-10, fictitious names for entities whose present roles and identities are unknown,<br><br>     Defendants. | Civil Action No.: 14-8123 (JLL) (JAD)<br><br>OPINION |

**LINARES, DISTRICT JUDGE**

Pending before the Court is Plaintiffs Byata Wilder ("Plaintiff Wilder"), Frank Rizzo ("Plaintiff Rizzo"), and Elio Ippolito's ("Plaintiff Ippolito") (collectively "Plaintiffs") Motion to Remand this action to the New Jersey Superior Court, pursuant to 28 U.S.C. § 1447. (ECF No. 10.) The undersigned referred Defendants' motion to the Honorable Joseph A. Dickson, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). On September 21, 2015, Magistrate Judge Dickson issued a Report and Recommendation (the "R&R") that the undersigned grant Plaintiffs' Motion to Remand. (ECF No. 23.) For the reasons set forth below, Judge Dickson's June 23, 2015 R&R is hereby adopted as the findings of fact and conclusions of law of this Court and Plaintiffs' Motion to Remand is granted.

## **FACTUAL AND PROCEDURAL BACKGROUND**

As set forth in the R&R, this action arises from allegedly unpaid minimum wages and overtime and involves various state law claims against Defendants Roma Food Enterprises ("Roma"), Roma of New Jersey ("Roma NJ"), Performance Transportation, LLC ("Performance Transportation"), Performance Food Group ("PFG"), Performance Foodservice - AFI ("Performance - AFI") and Vistar Corporation ("Vistar") (collectively "Defendants").[1] (ECF No. 1.) Plaintiffs initiated this action by filing a Summons and Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, on October 3, 2014. (ECF No. 1, Ex. A ("Compl.").) On December 30, 2014, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441, contending that the Court had diversity jurisdiction. (ECF No. 1, ¶¶ 7, 9.)

On January 29, 2015, Plaintiffs moved to remand this case to the New Jersey Superior Court, which was referred to the Honorable Joseph A. Dickson, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 10.) On September 21, 2015, Judge Dickson issued an R&R that the undersigned grant Plaintiffs' Motion to Remand because Defendants had not adequately established the requisite amount in controversy to a legal certainty. (R&R at 9-11.) In particular, Judge Dickson found Defendants' calculations—which indicated that Plaintiff Ippolito had worked 23.86 hours per day, for seven days a week for an entire year—to be "suspect, unduly, complex, and/or speculative" and that the Court could not rely on them to conclude to a "legal certainty that the jurisdictional requirement had been met." (R&R at 10.)

On October 10, 2015, Defendants filed objections to the portion of the R&R addressing the

---

[1] Defendants maintain that "Plaintiffs' First Amended Complaint identifies three (3) non-existent defendants: (1) Roma Food Enterprises, Inc.; (2) Roma of New Jersey; and (3) Performance FoodService – AFI. PFG, although not named in the First Amended Complaint was formerly known as Vistar Corporation until November 9, 2010." (ECF No. 15, at 8-9).

2

amount in controversy requirement ((ECF No. 24 ("Obj.")), and Plaintiffs responded on October 12, 2015 (ECF No. 25 ("Opp.")). The matter is now ripe for resolution.

## LEGAL STANDARD

### A. Objections to Report and Recommendation

Without delving into the question of whether a motion to remand is dispositive or nondispositive, the Court notes that in this instance Judge Dickson issued a Report and Recommendation instead of determining the issue by final order. "When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1(c)(2)). "'De novo review' means the district court must consider the matter referred to a magistrate judge anew, as if it had not been heard before and as if no decision previously had been rendered." 12 Fed. Prac. & Proc. Civ. § 3070.2 (2d ed.). Upon conducting de novo review, the district judge may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B. Removal and Remand

A civil action brought in state court may be removed by the defendant to federal district court if the federal court would have had original jurisdiction over the claim. 28 U.S.C. § 1441(a). One way for a federal court to obtain original jurisdiction is satisfaction of the amount in controversy and diversity of citizenship requirements of 28 U.S.C. § 1332, but this statute must be

strictly construed. *See City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 76-77 (1941); *see also Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996) (noting that any doubts about diversity jurisdiction are resolved in favor of dismissal for lack of jurisdiction). The party asserting jurisdiction has the burden of establishing jurisdiction and must support its allegations by "competent proof" if challenged by the opposing party. *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) (citations omitted).

Under 28 U.S.C. § 1332, there must be complete diversity—no plaintiff can be a citizen of the same state as any of the defendants. *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990)). A corporation is considered a citizen of both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation can have only one principal place of business, which is "the place where a corporation's officers direct, control, and coordinate the corporation's activities" and is known as the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-95. By contrast, the citizenship of unincorporated entities (such as partnerships and LLCs) is "determined by the citizenship of each of its members." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). If removal is based on diversity under 28 U.S.C. § 1441(b), diversity must exist "at the time the complaint was filed, and at the time of removal[.]" *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (internal citations omitted).

Additionally, the amount-in-controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Court must look to the face of the pleadings and the proofs to determine whether the plaintiff meets this amount by a "legal certainty." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *see also Faltaous v. Johnson & Johnson*, 2007 U.S. Dist. LEXIS 99473 (D.N.J. Oct.

4

11, 2007) (""[T]o determine the amount in controversy, the Court will consider the complaint, the notice of removal, and the submissions related to plaintiff's motion to remand.") (citing *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2001)). However, if there are factual disputes, the Court must first resolve them by a preponderance of the evidence. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004) (citing *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)). In other words, after the Court has resolved the factual disputes by a preponderance standard, "the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (emphasis in original).

## ANALYSIS

Defendants contend that they properly used the allegations in Plaintiffs' Complaint as the basis for their calculations, which show that the jurisdictional amount in controversy is satisfied. (Obj. at 2-9.) In particular, Defendants note that Plaintiffs' Complaint alleges that Defendants violated the New Jersey Wage and Hour Law (*N.J.S.A.* § 34:11-56a, *et seq.*) minimum wage provision, and "frequently did not comply with [the] obligation to pay minimum wage." (Compl. ¶¶ 46, 57.) Defendants first assert that the Court must accept these allegations as true. (Obj. at 2-4.) Next, they contend that applying the "standard workweek method" to these allegations yields dollar amounts in excess of $75,000 for each Plaintiff. (*Id.* at 4-9.) Additionally, Defendants argue that potential attorneys' fees should be considered in calculating the amount in controversy. (*Id.* at 9-10.)

In opposition, Plaintiffs reiterate their contentions that Defendants carry a heavy burden of

5

proving diversity jurisdiction to a legal certainty, that the removal statute is strictly construed in favor of remand, that the amount in controversy formulated by Defendants must be realistic, that the amount in controversy must be $75,000 for an individual named plaintiff (as opposed to an aggregate amount for all plaintiffs), and that attorneys' fees cannot be aggregated when determining the amount in controversy in a class action. (Opp. at 3.) More fundamentally, Plaintiffs argue that Defendants have not provided evidence proving the jurisdictional amount, and instead "rely only on self-serving conclusions drawn from confusing and non-confirmable math to project incredible damages amounts . . . ." (*Id.* at 4.) Specifically, Plaintiffs contend that Defendants' calculations "wild[ly]" construes the Complaint by dividing Plaintiffs' yearly salary by the minimum wage rate to arrive at an average amount of hours worked per week, when Defendants could have more accurately utilized records in their possession showing actual hours worked per week by Plaintiffs. (*Id.* at 5.) Plaintiffs take issue with Defendants formulation because "one violation [of the New Jersey Wage and Hour Law (*N.J.S.A.* § 34:11-56a, *et seq.*)] in one work-week is enough to trigger a statutory violation," whereas Defendants' formulation suggests that violations potentially occurred on a weekly basis. (*Id.*) Alternatively, Plaintiffs contend that the motion for remand could be granted due to lack of complete diversity among Defendants. (*Id.* at 5-6.)

   The Court agrees with Plaintiffs and with the R&R that Defendants have not sustained their burden in showing that jurisdiction is proper. Specifically, Defendants have not shown by a preponderance of the evidence that their calculations are realistic and/or reliable.

   To illustrate the point, the Court discusses Defendants' calculation of the amount in controversy for Plaintiff Wilder stemming from her employment in 2012. (*See* Obj. at 5-9.) First,

6

Defendants list Wilder's 2012 income as $8,476.72 and cite to a W-2 in support. (*See* ECF No. 15-10 at 20.) Next, Defendants divide the income ($8,476.72) by the amount of weeks worked by Plaintiff Wilder in 2012 (six weeks), which yields a "weekly average income" of $1,412.78. (ECF No. 15-2 at 34.) Defendants then divide the weekly average income ($1,412.78) by the applicable minimum wage ($7.25) to arrive at 194—allegedly "the number of hours [Wilder] had to work [per week] for a violation of the New Jersey state minimum wage." (*Id.* at 32, 34.) However, this number is inherently suspect *because there are only 168 hours per week.* Defendants next subtract 40 from 194, presumably to remove the standard 40 hour workweek, which yields 154 "OT Hours." (*Id.* at 34.) Without explanation, Defendants then multiply 154 "OT Hours" by time-and-a-half ($10.86) to claim that Wilder is potentially seeking $10,048.50 for violations of the covenant of good faith and fair dealing during her 2012 employment. (*Id.*)

The Court agrees with the R&R that Defendants calculations overall are "either suspect, unduly complex, and/or speculative." (R&R at 10.) It is simply not clear to the Court how the allegations in the Complaint, when accepted as true, give rise to the specific calculations relied on by Defendants. For example, the Court is mystified by Defendants' calculation claiming that Plaintiff Wilder had to work 194 hours per week for a violation of the New Jersey state minimum wage, when in fact there are only 168 hours per week. (ECF No. 15-2 at 34.) Significantly, this number is then directly used, without explanation, to calculate potential damages. (*Id.*) Yet there is no affidavit which explains in detail how these numbers were arrived at and, more importantly, *why* they are realistic and reliable. *Samuel-Bassett*, 357 F.3d at 403 (3d Cir. 2004) ("[E]stimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit

7

diversity jurisdiction will be frustrated.") Rather than supporting its allegations by "competent proof," *Friend*, 559 U.S. at 96-97, Defendants instead present opaque calculations devoid of sufficient explanation. In short, Defendants have not convinced the Court by a preponderance of the evidence that their calculations are credible.

Furthermore, because the numbers presented by Defendants are not credible, the Court declines to take into account any potential attorneys' fees in assessing whether the amount-in-controversy is satisfied. As Defendants acknowledge, "reasonable" attorneys' fees in this action are recoverable under *N.J.S.A.* 34:11-56a25, which amount to approximately thirty percent of the common fund of recovery. *See Faltaous*, 2007 U.S. Dist. LEXIS 99473 (D.N.J. Oct. 11, 2007) ("[T]he median in the Third Circuit for attorneys' fee awards is approximately thirty percent (30%) of a common fund."). In accordance with this law, Defendants multiply the amounts potentially owed to Plaintiff Ippolito and Plaintiff Rizzo under the NJWHL by thirty percent and then add the two numbers to show that the amount is over the required amount in controversy of $75,000. (Obj. at 10.) However, as indicated, Defendants' calculations of the amounts potentially owed to Plaintiff are not credible, and so the Court likewise finds it inappropriate to estimate attorneys' fees based off of these amounts. On the other hand, the Court notes that in accordance with N.J. Court Rule 4:5-2, Plaintiffs do not specify the amount of damages sought. Accordingly, absent a "realistic" formulation of the potential damages sought, the Court is unable to accurately assess the potential attorneys' fees at issue here.

Thus, because Defendants have not supported their allegations by "competent proof" they have not satisfied their burden of establishing jurisdiction. *Friend*, 559 U.S. at 96-97. Given that any doubts about diversity jurisdiction are resolved in favor of dismissal, *Brown*, 75 F.3d at 864-

8

65, and the dearth of reliable assessments of the amount in controversy at issue in this case, the Court is satisfied that, at this time, it appears to a legal certainty that Plaintiffs cannot recover the jurisdictional amount, and so the case must be remanded. *Frederico*, 507 F.3d at 197.

## CONCLUSION

For the reasons above, the Court adopts Judge Dickson's September 21, 2015 R&R (ECF No. 23) as the findings of fact and conclusions of law of this Court and grants Plaintiffs' Motion to Remand. An appropriate Order accompanies this Opinion.

DATED: 10/19/15, 2015

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE